IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN BRADY, #B71560, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 11-cv-525-JPG |
| | ) |
| DR. STEVEN ALDRIDGE and DR. | ) |
| LEWIS SHIKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff John Brady, an inmate in Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 35 year sentence for murder, and 5 years for aggravated unlawful restraint. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff John Brady states in his complaint that on August 10, 2009, he visited Defendant Aldridge, the prison dentist at Shawnee, to have a diseased tooth extracted.  After an unsuccessful two-hour procedure, Defendant Aldridge informed Plaintiff that the tooth was fused to his jawbone and would require oral surgery from an outside source.  Defendant Aldridge left two roots from Plaintiff's tooth protruding through an open wound in his mouth.  Plaintiff alleges that after the procedure he was unable to eat on the right side of his mouth because of the risk of infection, resulting in a decreased consumption of food.  Plaintiff also states that he has experienced chronic aches and pains since the incident.

Plaintiff filed a grievance over the incident, which was denied by the Administrative Review

Board on February 3, 2010 (Doc. 1, p. 8).  Plaintiff filed this action on June 15, 2011.

Plaintiff alleges that the actions of Defendant Aldridge summarized above constituted cruel and unusual punishment in violation of his constitutional rights.  Plaintiff also alleges that Defendant Shiker, the medical director of the Illinois Department of Corrections ("IDOC"), violated his right to remain free from cruel and unusual punishment.  He seeks compensatory damages.

## Discussion

### Deliberate Indifference to Serious Dental Needs

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would

find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Furthermore, the Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (allegations that an inmate denied his dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, stated a serious medical need). *See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (affirming dismissal of dental deliberate indifference claim against defendant dentist Gardner for alleged botched tooth extraction; no Eighth Amendment claim was stated despite plaintiff's allegations he endured excruciating pain, and that defendant Gardner used an ice pick to remove tooth splinters from his gums).

Plaintiff's symptoms resulting from the broken tooth and protruding roots – chronic substantial pain, which affected his ability to eat – arguably meets each of the four *Gutierrez* criteria to establish that he suffered from an objectively serious condition. The remaining question is whether Plaintiff has sufficiently alleged deliberate indifference on the part of the Defendants.

As to the subjective component of a deliberate indifference claim, the Supreme Court has stated:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842. Furthermore, "A delay in treatment may constitute deliberate indifference

if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding that a three week delay in sending dental care referral, with knowledge of inmate's swollen and infected mouth and suffering, could support a finding of an Eighth Amendment violation). The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").

In the case at bar, Plaintiff's complaint is devoid of allegations that would lead the Court to conclude that Defendant Aldridge was deliberately indifferent. Plaintiff does not make any allegations that Defendant Aldridge failed to treat him in a timely manner or delayed his subsequent follow-up care by an oral surgeon. Plaintiff claims that Defendant Aldridge failed to update his dental x-rays and failed to conduct an adequate examination before attempting to extract his tooth, which, according to Plaintiff, amounted to a failure to provide adequate dental service.

The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374. *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Duckworth*, 532 F.3d at 681 (failure to rule out cancer immediately in light of persistent bloody urine may have been malpractice but was not deliberate indifference). Furthermore, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth

Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes*, 95 F.3d at 591. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Thus, Plaintiff's mere disagreement with Defendant Aldridge's course of treatment does not meet the requirements of deliberate indifference. Further, while the botched procedure may have constituted negligence or even amounted to malpractice, it does not amount to a constitutional violation. Thus, Plaintiff's complaint does not state a constitutional claim against Defendant Aldridge, and this portion of his claim must be dismissed without prejudice to Plaintiff bringing a claim in state court, if he wishes to do so.

Plaintiff also claims that Defendant Shiker violated his constitutional right to be free from cruel and unusual punishment. According to Plaintiff, Defendant Shiker, as medical director, is responsible for all medical policies and procedures implemented by the IDOC. Plaintiff makes a general allegation that the practices and procedures instituted by Defendant Shiker "disclose a systematic pattern of gross deficiencies" (Doc. 1, p. 11). However, Defendant Shiker cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because he is the medical director of IDOC. The doctrine of respondeat superior does not apply to § 1983 actions, so that in order to be liable a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Where a defendant has been alleged to have directed

the conduct or to have given knowledge or consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Plaintiff makes no allegations that Defendant Shiker had any personal involvement whatsoever in the treatment of his broken tooth. Thus, Plaintiff's complaint does not state a constitutional claim against Defendant Shiker, and he must also be dismissed, without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendants **ALDRIDGE** and **SHIKER** are **DISMISSED** from this action without prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   March 7, 2012**

      *s/J. Phil Gilbert*
      **United States District Judge**